UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  No. 1:24-cr-167

      vs.                         Hon. Paul L. Maloney
                                    United States District Judge

SHAKAYLA LORRENE TUCKER,

        Defendant.

_____/

## **GOVERNMENT'S SENTENCING MEMORANDUM**

May it please the Court, the United States submits the following memorandum for the Court's reference in determining an appropriate sentence:

1.      Facts and Procedural History:

The facts are correctly detailed in the Offense Conduct section of the Presentence Report (R. 35: PSR, PageID.90-91.) They are summarized briefly here for the Court's convenience:

In May 2021, the defendant's sister Shakeena filed for personal bankruptcy. After Shakeena provided suspicious answers about her undisclosed receipt of a Paycheck Protection Program (PPP) loan, the Trustee referred the matter to the Department of Justice further investigation. During the course of that investigation, it was discovered that other members of Shakeena's family (including defendant Tucker) had also filed for PPP loans. The FBI discovered that Tucker had lied on an application for a PPP loan; falsely claiming that she had a business, and would use the money for payroll and other expenses during the COVID pandemic.

Tucker used the $20,832.00 proceeds for personal purchases. (PSR ¶ 14, PageID.90.) Tucker later filed for a second PPP loan under the same false pretenses, and was granted another $20,832.00. (PSR ¶ 16, PageID.90.)

The Department of Labor, Office of the Inspector General (DOL-OIG) further discovered that Tucker had defrauded the Indiana Department of Workforce Development (IDWD)[1] during the same time general time frame. In an application filed in November 2020, she falsely represented that she had been laid off during the COVID pandemic by "Chicken and Fish, Inc." a restaurant in South Bend. DOL-OIG suspected the application might be false, because Tucker was collecting unemployment compensation from the Michigan Unemployment Insurance Agency at the same time.

When interviewed, the operator of Chicken and Fish, Inc. reported that he had never closed the restaurant or laid off any employees during the pandemic. He also said he had never employed or heard of Shakayla Tucker. He inspected the "pay stub" submitted by Tucker with her unemployment application, and advised that it was a forgery. An actual pay stub from the restaurant was produced, which was different in form.

As a result of her fraudulent representations, the defendant obtained a total of $69,051 from the SBA[2] and IDWD. (PSR ¶ 29, PageID.92.)

---

[1] The IDWD is Indiana's equivalent of the Michigan Unemployment Insurance Agency.
[2] It should be noted that ¶ 29 of the PSR appends the abbreviation "EIDL" after the payee. This should read "PPP," as Tucker defrauded the Paycheck Protection Program, not the Economic Injury Disaster Loan program.

2.    <u>Guideline Issues</u>:   There are no disputed Guideline issues.

3.    <u>Statutory Sentencing Factors</u>:

The Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the court must consider, among other things:

   *a.    The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)):*

The defendant defrauded programs intended to alleviate economic hardships, including during a nationwide pandemic. While the offense was not violent, it was selfish. She has two scorable prior convictions, neither of which involved a serious offense.

   *b.    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A)):*

The money lost by the treasury does not entirely capture the seriousness of the offense. Working people pay unemployment insurance and other payroll taxes to support programs like UI and PPP, so that support will be available if they are laid off. When those programs are defrauded, it undermines public confidence and makes them attractive targets for elimination. To her credit, Tucker recognized that "[her] choices do not just affect me but can also impact others who rely on these financial assistance programs." (PSR, PageID.93.)

3

> c.   *The need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)):*

Emergency aid programs necessarily prioritize accessibility at the expense of security. The primary safeguard is the penalty for perjury, which must follow when an applicant is caught lying. The sentence here should be sufficient to make the risk outweigh the potential reward, and deter others from attempting the same schemes.

For the foregoing reasons, the government requests the Court impose a sentence within the advisory guideline range.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: May 29, 2025

*/s/ Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
330 Ionia Ave. NW
Grand Rapids, Michigan 49503
(616) 456-2404
